AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

**ATTEST AND CERTIFY A TRUE COPY**
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

| | |
|---|---|
| United States of America<br>v.<br>MATTHEW BAGGOTT<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00445
Assigned to: Judge Faruqui, Zia M.
Assign Date: 5/24/2021
Description: COMPLAINT W/ ARREST WARRANT

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   MATTHEW BAGGOTT _____ ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☒ Complaint
☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Entering or Remaining in Restricted Building or Grounds Without Lawful Authority;
18 U.S.C. § 1752(a)(2) - Disorderly or Disruptive Conduct in Restricted Building or Grounds / Impeding Official Business;
and 40 U.S.C. § 5104(e)(2)(D), (E), and (F) - Violent Entry or Disorderly Conduct on Capitol Grounds.

Date:     05/24/2021

**2021.05.24
21:05:41 -04'00'**

*Issuing officer's signature*

City and state:          Washington, D.C.

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|

This warrant was received on *(date)*   5/24/2021   , and the person was arrested on *(date)*   5/30/2021
at *(city and state)*   Murfreesboro, TN   .

Date:   6/1/2021

*Arresting officer's signature*

Chris Potts, FBI SA
*Printed name and title*

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>STEWART PARKS,<br>MATTHEW BAGGOTT,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00445
Assigned to: Judge Faruqui, Zia M.
Assign Date: 5/24/2021
Description: COMPLAINT W/ ARREST WARRANT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the
_____ in the District of ___Columbia___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|

**STEWART PARKS:** 18 U.S.C. § 1752(a)(1) - Entering or Remaining in Restricted Building or Grounds Without Lawful Authority; 18 U.S.C. § 1752(a)(2) - Disorderly or Disruptive Conduct in Restricted Building or Grounds / Impeding Official Business; 40 U.S.C. § 5104(e)(2)(D), (E), and (F) - Violent Entry or Disorderly Conduct on Capitol Grounds and 18 U.S.C. § 641 - Theft of Government Property.

**MATTHEW BAGGOTT:** 18 U.S.C. § 1752(a)(1) - Entering or Remaining in Restricted Building or Grounds Without Lawful Authority; 18 U.S.C. § 1752(a)(2) - Disorderly or Disruptive Conduct in Restricted Building or Grounds / Impeding Official Business; and 40 U.S.C. § 5104(e)(2)(D), (E), and (F) - Violent Entry or Disorderly Conduct on Capitol Grounds.

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher R. Potts, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: ____05/24/2021____

2021.05.24
21:03:55 -04'00'

_____
*Judge's signature*

City and state: _____Washington, D.C._____

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case: 1:21-mj-00445<br>Assigned to: Judge Faruqui, Zia M.<br>Assign Date: 5/24/2021<br>Description: COMPLAINT W/ ARREST WARRANT |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **STEWART PARKS, and** | : | **18 U.S.C. § 1752(a)(1) and (2)** |
| **MATTHEW BAGGOTT,** | : | **(Restricted building or grounds)** |
| | : | |
| **Defendants.** | : | **40 U.S.C. § 5104(e)(2)(D), (E), and (F)** |
| | : | **(Violent entry or disorderly conduct)** |
| | : | |
| | : | **18 U.S.C. § 641** |
| | : | **(Theft of Government Property)** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR AN ARREST WARRANT

I, Christopher R. Potts, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND BACKGROUND

1.      I make this affidavit in support of an application for arrest warrants for STEWART

PARKS and MATTHEW BAGGOTT.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), assigned to

the Memphis Field Office. I am assigned to the Joint Terrorism Task Force that investigates

domestic and international terrorism acts.   Currently, I am tasked with investigating criminal

activity in and around the United States Capitol grounds that occurred on January 6, 2021. As a

Special Agent, I am authorized by law or by a Government agency to engage in or supervise the

prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

3.      The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other law enforcement officers and witnesses. This

affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

5.      On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

6.      As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

7.      At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S.

Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

8.      Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

9.      During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

## PROBABLE CAUSE

10.      Between January 2021 and March 2021, several witnesses separately contacted the FBI and reported that they had observed posts on an Instagram account belonging to STEWART PARKS (the "Parks Instagram Account"), which indicated that PARKS had entered the U.S Capitol building on January 6, 2021. FBI agents and task force officers interviewed three of those witnesses – Witness-1, Witness-2, and Witness-3. Witness-1 knows PARKS through a family member, and was friends with him on social media, but has only met him in person on approximately two occasions. Witness-2 knows PARKS only through social media and has never met him in person. Witness-3 did not specify how Witness-3 knew PARKS, but had access to the

Parks Instagram Account.  Witness-3 provided video and images that were displayed on the Parks Instagram Account on January 6, 2021 to the FBI, including:

      a.    A photograph of the interior of a Southwest Airlines plane with the caption "ON THE WAY TO DC TO STOP THE STEAL," as depicted below:



      b.    A video of a group of people approaching what appears to be an entrance to the Capitol building, including a man in a red sweatshirt, black backpack, and dark baseball hat – later identified as MATTHEW BAGGOTT – throwing an object toward a group of Capitol police officers, as depicted in the still image below:



      c.     Videos that appear to have been filmed inside the Capitol building, as depicted in the still images below:

 

d. A video that appears to depict the outside of the Capitol building, with the caption "PARTY WAS FUN TIL THE SWAT SHOWED UP," as depicted in the still image below:



11. I and other FBI agents have reviewed materials obtained through a search warrant on the Parks Instagram Account. As a result of that review, I have learned that that Parks Instagram Account was subscribed to in the name "Stewart Parks," with a particular phone number (the "Parks Phone") and email address (the "Parks Email"), and that the Parks Instagram Account was deactivated on or about January 10, 2021. Prior to the account being deactivated, the Parks Instagram Account engaged in the following message exchanges, among others:

| Participant | Message | Date / Time |
|---|---|---|
| Participant-1: | You guys are famous haha! 😊 | Jan. 6, 2021; 15:51:29 EST |
| Parks Instagram Account: | We ain't giving up | Jan. 6, 2021; 20:39:34 EST |
| Parks Instagram Account: | No way in hell Biden is getting the presidency | Jan. 6, 2021; 20:39:43 EST |

| Participant-1: | I'm with you in spirit god [sic] sir!  God be with you! | Jan. 6, 2021; 23:21:23 EST |
| Parks Instagram Account: | Baggot [sic] wants to know why you        weren't        there 😊😊😊😊😊😊 | Jan. 7, 2021; 12:28:20 EST |
| Participant-1: | Haha I wish I could have been.  Too much going on.  Baggot [sic] go up there too?? | Jan. 6, 2021; 13:32:50 EST |

| Participant | Message | Date / Time |
|---|---|---|
| Participant-2: | Lol nooo why'd you delete the capital shit!  That was fucking awesome 😊 😊 😊 | Jan. 6, 2021; 20:57:18 EST |
| Parks Instagram Account: | 😊 😊 😊 😊 😊 😊 😊 😊 | Jan. 6, 2021; 21:01:47 EST |
| Parks Instagram Account: | Let's go out for lunch sometime | Jan. 6, 2021; 21:01:54 EST |
| Parks Instagram Account: | I have some things to show you | Jan. 6, 2021; 21:02:01 EST |
| Participant-2: | Lol just let me know! | Jan. 6, 2021; 21:03:32 EST |
| Parks Instagram Account: | Let's just say this dc trip was more eventful than the 8th grade trip ezell took us on | Jan. 6, 2021; 21:46:58 EST |
| Participant-2: | *[liked a message]* | Jan. 9, 2021; 10:07:56 EST |
| Participant-2: | It fucking looked like it. I'm glad you took those vids down now because the fbi is hunting yall 😊😊😊😊😊😊 | Jan. 9, 2021; 10:08:27 EST |

The videos and images depicted in paragraph 10(a)-(d) above were not contained in the materials that the FBI obtained as a result of the search warrant on the Parks Instagram Account.  In light of the message exchange above, I believe that PARKS deleted those materials after he posted them, but before deactivating the Parks Instagram Account.

12.    According to records obtained from Southwest Airlines, STEWART PARKS and MATTHEW   BAGGOTT   flew   from   Nashville   International   Airport   (BNA)   to Baltimore/Washington International Airport (BWI) on the morning of January 6, 2021 and flew from BWI to BNA on the morning of January 7, 2021.  In connection with that flight, PARKS provided the Parks Phone and the Parks Email as his contact information and BAGGOTT provided

a phone number (the "Baggot Phone"), email address (the "Baggot Email"), and street address in Woodbury, Tennessee (the "Baggott Residence") as his contact information.

13.     The FBI has also reviewed records obtained through a search warrant served on Google.   Google estimates mobile device location using sources including GPS data and information about nearby Wi-Fi access points and Bluetooth beacons.  This location data varies in its accuracy, depending on the source(s) of the data.  Google location data does not show that a mobile device associated with the Baggott Email was within the U.S. Capitol building on January 6, 2021.

14.     On April 15, 2021, I showed video surveillance footage from inside the Capitol building to a witness who has a social relationship with PARKS and who has known PARKS for at least two years ("Witness-4"), still images of which are depicted below:

[This space intentionally left blank]

 

Witness-4 identified the individual whose head is circled in red – wearing a grey jacket and red baseball hat -- as PARKS and the individual whose head is circled in blue – wearing a red sweatshirt and dark baseball hat – as BAGGOTT, whom Witness-4 knew as PARKS's friend. Witness-4 said that PARKS and BAGGOTT had travelled to Washington, D.C. in order to attend the "Stop the Steal" really on January 6, 2021.

15.    I have reviewed Tennessee drivers license records and determined that an individual named "Matthew Baggott" lives at the Baggott Residence. I have surveilled the Baggott Residence and observed that an individual who lives there appears to be the individual in the red sweatshirt and dark baseball hat depicted in the in the images in paragraph 14, above, and paragraph 16, below. I have also compared the drivers license photograph associated with

"Matthew Baggott" with the individual in the red sweatshirt and dark baseball hat depicted in the in the images in paragraph 14, above, and paragraph 16, below, and believe that the photographs depict the same individual, MATTHEW BAGGOTT.

16.    Video surveillance footage from inside the Capitol building shows PARKS and BAGGOTT entering the Capitol building at approximately 2:13 p.m. on January 6, 2021. PARKS and BAGGOTT move throughout the Capitol building for approximately a half hour, until approximately 2:46 p.m. when they exited the building. During that time, PARKS and BAGGOTT generally remain together, with PARKS carrying yellow Gadsden flag, often with PARKS holding onto BAGGOTT's backpack, as depicted in the pictures below:

 



17.     At approximately 2:45 p.m., video surveillance footage from inside the Capitol building depicts PARKS and BAGGOTT walking past a standing metal detector.  PARKS picks up a hand-held metal detector wand from a table and then puts it back.  Approximately 20 seconds later, as more people are exiting the building, PARKS picks the wand up again and exits with it, as depicted below:



## CONCLUSIONS OF AFFIANT

18.     Based on the foregoing, your affiant submits that there is probable cause to believe that STEWART PARKS and MATTHEW BAGGOT violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the

12

President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

19.     Your affiant also submits there is also probable cause to believe that STEWART PARKS and MATTHEW BAGGOTT violated 40 U.S.C. § 5104(e)(2)(D), (E), and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

[This space intentionally left blank]

20.      Finally, your affiant submits there is probable cause to believe that STEWART PARKS violated 18 U.S.C. § 641, which makes it a crime for a person to embezzle, steal, purloin, or knowingly convert to his use or the use of another, or without authority, sell, convey or dispose of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or receive, conceal, or retain the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted.


_____
Special Agent Christopher R. Potts
Federal Bureau of Investigation


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this __24th__ day of May 2021.

2021.05.24
21:14:35 -04'00'

_____
ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _Deputy Clerk_

## MAGISTRATE JUDGE HOLMES COURTROOM MINUTES FOR CRIMINAL PROCEEDINGS
by VIDEOCONFERENCE

U.S.A. v. _Matthew Baggott_ , No. _21-mj-1110_
OC # _1:21-mj-00445_

**ATTORNEY FOR GOVERNMENT:** _Josh Kurtzman_

**ATTORNEY FOR DEFENDANT:** _Dumaka Sha'raza_   (AFPD)   Panel   Retained

**PRETRIAL SERVICES/PROBATION OFFICER:** _Liana Roux_

**INTERPRETER NEEDED?**   YES   (NO)   LANGUAGE/INTERPRETER: _____
☐ PRESENT   ☐ ON TELEPHONE

☐ **Defendant consents to Initial App. and ☐ All future hearings before the Magistrate Judge by video conference.**

☒ INITIAL APPEARANCE   ☐ ON A SUMMONS   ☒ ARRESTED ON: _6-1-21_
DEFENDANT HAS A COPY OF:
☒ Complaint ☐ Indictment ☐ Information ☐ Supervised Release Pet. ☐ Other _____
☒ Defendant advised of the charges and the maximum penalties   ☐ Defendant has a copy of notice of rights
☒ Defendant advised of right to counsel       ☐ Counsel retained
☐ Defendant sworn and/or certified under penalty of perjury and financial affidavit filed   ☒ FPD Appointed
☒ Defendant advised of right to silence
☒ Defendant advised of right to **Consular notification**
☒ GOVERNMENT and DEFENDANT advised of Due Process Protections Act of 2020
☒ Defendant advised of right to preliminary hearing   ☒ Defendant waived preliminary hearing _here_
☐ Government motion for detention       ☐ Defendant temporarily detained
☐ Defendant waived detention hearing       ☐ ICE detainer on defendant
☐ Defendant reserved right to hearing in future   ☐ Defendant to be returned to State custody
☐ Defendant to remain in Federal custody       ☐ Defendant waived rights under IAD
☐ Defendant remain on current conditions of supervised release   Written Waiver to be filed
☐ Defendant ordered to psychological/psychiatric evaluation
☒ Defendant released on:
☒ Own recognizance with conditions of release  ☒ standard  ☒ special
☐ Appearance bond in the amount of: _____
☐ Property bond [description of property]: _____
☒ RULE 5 - Defendant advised of right to identity hearing   ☒ Defendant waived identity hearing
☒ RULE 5 - Defendant reserved right to have preliminary hearing in District of Prosecution
☐ RULE 5 - Defendant elected to have detention hearing in District of Prosecution
☒ RULE 5 - DEFENDANT ADVISED OF RIGHT TO RULE 20 TRANSFER
☐ PRELIMINARY/DETENTION/ARRAIGNMENT CONTINUED TO: _____

☐ **GRAND JURY WAIVED IN OPEN COURT**   [Defendant sworn and advised of rights by Court]
☐ **ARRAIGNMENT**
☐ Defendant acknowledges he/she has copy of Indictment/Information   ☐ Court advised Def. of penalties
☐ Defendant waives reading thereof       ☐ Indictment/Information read to defendant by Judge
**PLEA:** ☐ **GUILTY**   ☐ **NOT GUILTY**   ☐ Defendant intends to plead guilty and case referred to DJ

(stamp) Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia
RECEIVED Mail Room   JUN -1 2021

**DATE:** _6-1-21_       **TOTAL TIME:** _37 min_
**BEGIN TIME:** _2:30_       **END TIME:** _3:07_
_Digitally Recorded_

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA      )
                                    )
        v.                       )     NO.    3:21-mj-1110
                                      )
MATTHEW BAGGOTT          )

**O R D E R**

On the basis of Defendant's affidavit or his statements to the Court, the Court determines that

Defendant:

is financially able to employ counsel and, therefore, denies his application for appointment of counsel at government expense.

✓       is financially unable to employ counsel and appoints the Office of the Federal Public Defender to represent him.

✓       is financially unable to pay the fee of any witness and pursuant to Rule 17(b), of the Federal Rules of Criminal Procedure, the Clerk shall issue a subpoena for any witness, PROVIDED that Defendant and his counsel shall submit subpoenas only for those witnesses whose presence is necessary to present an adequate defense to the charge or charges.

✓       Upon Motion of the Government, the Court may order repayment or partial repayment from Defendant for the attorney and witness fees for these services should it appear Defendant has such ability at a later time.

It is so ORDERED.

Dated:  June 1, 2021

                                        BARBARA D. HOLMES
                                        United States Magistrate Judge

cc:    United States Attorney
       Federal Public Defender
       United States Probation
       United States Marshal

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

By _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )    **Case No. 21-mj-1110** |
| | ) |
| **MATTHEW BAGGOTT** | ) |

## O R D E R

Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, as amended by the Due

Process Protections Act of 2020, the Court reminds the government of its obligation under *Brady*

*v. Maryland*, 373 U.S. 83 (1963) and its progeny, to disclose evidence favorable to the defendant

and material to the defendant's guilt or punishment.  The government is ordered to produce such

evidence reasonably promptly upon discovery, as required by Local Rule 16.01(a)(3). Failure to

do so in a timely manner may result in consequences, including, but not limited to, dismissal of

the indictment or information, exclusion of government evidence or witnesses, adverse jury

instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other

remedy that is just under the circumstances.

It is SO ORDERED.


_____
BARBARA D. HOLMES
United States Magistrate Judge

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## for the
### MIDDLE District of TENNESSEE

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

|  |  |  |
|---|---|---|
| United States of America | ) |  |
| v. | ) | Case No.    3:21-mj-1110 |
|  | ) |  |
| MATTHEW BAGGOTT | ) | Charging District's Case No.    1:21-mj-00445 |
| *Defendant* | ) |  |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*   District of Columbia

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☒     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my ☒ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:    June 1, 2021

Consent obtained from Defendant and counsel via videoconference.

*Defendant's signature*

*Signature of defendant's attorney*

Barbara D. Holmes   United States Magistrate Judge

*Printed name of defendant's attorney*

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **Case No. 3:21-mj-1110** |
| ) | **USDC DC No. 1:21-mj-00445** |
| **v.** ) | |
| ) | |
| **MATTHEW BAGGOTT** ) | |

### ORDER SETTING CONDITIONS OF RELEASE

Defendant Matthew Baggott appeared with counsel, Assistant Federal Public Defender, Dumaka Shabazz for an initial appearance on June 1, 2021. Assistant U.S. Attorney Josh Kurtzman appeared for the government.  The United States not having requested detention, Defendant is ORDERED released on his own recognizance subject to the following conditions, which were reviewed with Defendant on the record and of which he acknowledged his understanding as well as the penalties for noncompliance:

1)   Defendant may not make any change of address without permission of the Probation/Pretrial Services Office or the Court.  Defendant's correct address has been provided to Pretrial Services.

2)   Defendant must be in court in the District of Columbia for all proceedings as instructed, and, if convicted, must surrender to serve any sentence imposed.

3)   Defendant cannot: obstruct any criminal investigation; tamper with a witness, victim or informant; retaliate against or attempt to retaliate against a witness, victim or informant; or intimidate or attempt to intimidate any witness, victim, informant, juror or officer of the court. Such actions are crimes punishable by up to 10 years in prison, and $250,000 fine, or both, with substantially more serious penalties if the tampering, retaliation, or intimidation involves a killing or attempted killing.

4)   Defendant must not violate any local, state or federal law. If Defendant does violate any local, state or federal law, Defendant could be punished by as much as from 90 days to 10 years imprisonment in addition to the penalty provided for the offense committed.

5)   If Defendant violates any condition of release, a warrant for Defendant's arrest could be issued, any bond may be forfeited, and new bonds with additional conditions, or Defendant's detention until trial, could be ordered by the Court, and Defendant could be held in contempt of Court, which could result in imprisonment, a fine, or both.

6)    If Defendant fails to appear at any proceeding in his federal prosecution in the District of Columbia or Defendant fails to surrender to serve any sentence imposed, Defendant could be charged and convicted of bail jumping which applies equally to Defendant's own recognizance, and is punishable by, in some cases, as much as 10 years imprisonment and a $250,000 fine or both, in addition to any other punishments imposed in the original case.

7)    In addition, defendant must abide by the following special conditions:

    a.  Defendant shall report to Pretrial Services as directed.

    b.  Defendant shall maintain or actively seek employment.

    c.  Defendant shall have no contact with any known witness or victim in this prosecution or investigation, including the co-defendant in this case, either directly or indirectly, outside the presence of his attorney.

    d.  Defendant shall surrender any passport and shall not obtain a passport or other international travel documents during the pendency of this case.

    e.  Defendant shall not travel outside of the Middle District of Tennessee without prior approval of Pretrial Services, except for limited travel to the District of Columbia for court appearances, meetings with Pretrial Services, or attorney meetings. Defendant is prohibited from traveling to the District of Columbia for any reason other than court appearances, meetings with Pretrial Services, or attorney meetings.  Defendant shall notify Pretrial Services in MD/TN in advance when he is traveling to the District of Columbia and for what purpose.

    f.  Defendant shall refrain from possessing any firearm, ammunition, destructive device, or other dangerous weapons.

    g.  Defendant shall refrain from the excessive use of alcohol

    h.  Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a medical practitioner.

    i.  Defendant shall submit to any method of testing required by the Pretrial Services Office for determining whether the defendant is using a prohibited substance, such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any other form of prohibited substance screening or testing.

    j.  Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

k.  Defendant shall report as soon as possible, and within 48 hours, to the supervising officer, any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop.

l.  Defendant shall permit pretrial services officers to visit at any time at his/her home or elsewhere without advance notification; Defendant also shall permit confiscation of any contraband observed in plain view of the pretrial services officer(s).

m.  Defendant shall not participate in or view content on any online social media site.

n.  Defendant must appear for a virtual proceeding before the presiding Magistrate Judge in the U.S. District Court for the District of Columbia on **Tuesday, June 8, 2021, at NOON (Central time)/1:00 p.m. (Eastern Time)** by video conference using the access instructions detailed in the addendum below.

o.  Defendant must sign the acknowledgment below and return the signed acknowledgment to his attorney (who shall then file the signed conditions with the Court).

It is FURTHER ORDERED that the conditions listed above are imposed for Defendant's release pursuant to 18 U.S.C. § 3142(h) and are effective as of Defendant's release without the necessity of any further action.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: 6-1-2021

Defendant's signature

3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MD/TN NO. 21-mj-1110 |
| | ) | District of Columbia |
| MATTHEW BAGGOTT | ) | No. 1:21-mj-00445 |

## ORDER HOLDING DEFENDANT TO ANSWER
## IN THE DISTRICT OF COLUMBIA

The defendant, Matthew Baggott, was arrested in this District on a Warrant issued on May 24, 2021, in the District of Columbia, charging him with violations of 18 U.S.C. §§ 1752(a)(1); 1752(a)(2); and 40 U.S.C. § 5104(e)(2)(D), (E), and (F).

**Section I. Preliminary Proceedings:**

__X__    Defendant waived an identity hearing at the initial appearance.

__X__    Defendant waived a preliminary hearing pending his return to the District of Columbia.

**Section II. Bond/Detention Proceedings.**

__X__    Defendant was released on his own recognizance upon request of the Government. Defendant ordered to appear for a virtual proceeding before the presiding Magistrate Judge in the U.S. District Court for the District of Columbia on Tuesday, June 8, 2021, at Noon (Central time)/1:00 p.m. (Eastern time) by video conference using the access instructions detailed in the order setting conditions of release as provided to the Court by the Government.

**IT IS HEREBY ORDERED:**

__X__    That defendant be HELD TO ANSWER in the District of Columbia where he will be entitled to a preliminary hearing.

**It is SO ORDERED.**

BARBARA D. HOLMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-mj-1110 |
| | ) | CASE NO. 3:21-mj-1115 |
| [1] MATTHEW BAGGOTT | ) | |
| | ) | JUDGE HOLMES |
| [2] STEWART PARKS | ) | |

## MOTION TO UNSEAL COMPLAINT

COMES NOW the United States of America, by and through Mary Jane Stewart, Acting United States Attorney, and the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and moves the court to unseal the Criminal Complaint, attendant Arrest Warrant, and other materials related to the Complaint now that all Defendants have been served with the Arrest Warrants and brought into custody. Therefore, the United States would submit that the original reasons for the previously filed Motion to Seal, and the Court's order granting that Motion, no longer exist.

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By:      *s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN
Assistant U. S. Attorney
110 9th Avenue South - Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615-401-6617

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served on all opposing counsel either by email, the CM/ECF electronic delivery system or by hand delivery on this the 3rd day of June, 2021.

*s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN
Assistant U. S. Attorney

Motion to unseal GRANTED.

*Barbara D. Holmes*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-mj-1110 |
| | ) | CASE NO. 3:21-mj-1115 |
| [1] MATTHEW BAGGOTT | ) | |
| | ) | JUDGE HOLMES |
| [2] STEWART PARKS | ) | |

## MOTION TO UNSEAL COMPLAINT

COMES NOW the United States of America, by and through Mary Jane Stewart, Acting United States Attorney, and the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and moves the court to unseal the Criminal Complaint, attendant Arrest Warrant, and other materials related to the Complaint now that all Defendants have been served with the Arrest Warrants and brought into custody. Therefore, the United States would submit that the original reasons for the previously filed Motion to Seal, and the Court's order granting that Motion, no longer exist.

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By:      *s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN
Assistant U. S. Attorney
110 9th Avenue South - Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615-401-6617

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By
Deputy Clerk

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served on all opposing counsel either by email, the CM/ECF electronic delivery system or by hand delivery on this the 3rd day of June, 2021.

_s/ Joshua A. Kurtzman_
JOSHUA A. KURTZMAN
Assistant U. S. Attorney

# U.S. District Court
## Middle District of Tennessee (Nashville)
## CRIMINAL DOCKET FOR CASE #: 3:21-mj-01110-1

Case title: USA v. Baggott

Date Filed: 06/01/2021
Date Terminated: 06/03/2021

Assigned to: Magistrate Judge Barbara D. Holmes

**Defendant (1)**

**Matthew Baggott**
*Rule 5 Transfer to the District of Columbia*
*TERMINATED: 06/03/2021*

represented by **Dumaka Shabazz**
Federal Public Defender's Office (MDTN)
810 Broadway
Suite 200
Nashville, TN 37203
(615) 736-5047
Email: Dumaka_Shabazz@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:1752(a)(1), 18:1752(a)(2), 40:5104(e)(2)(D), 40:5104(e)(2)(E) and 40:5104(e)(2)(F) Unlawful entry in a restricted building, disorderly conduct in restricted building, violent entry or disorderly conduct on Capitol Grounds.

**Disposition**

**Plaintiff**

**USA**

represented by **Joshua A. Kurtzman**

U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 401-6617
Fax: (615) 401-6626
Email: Joshua.Kurtzman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2021 | 1 | Warrant issued in the District of Columbia on 5/24/2021 returned executed on 6/1/2021 as to Matthew Baggott. (Attachment: # 1 Criminal Complaint)(dt) (Entered: 06/03/2021) |
| 06/01/2021 |  | Arrest (Rule 5) of Matthew Baggott. (dt) (Entered: 06/03/2021) |
| 06/01/2021 | 2 | Minute Entry for proceedings held before Magistrate Judge Barbara D. Holmes: Initial Appearance as to Matthew Baggott held on 6/1/2021. Defendant appeared with appointed counsel. Defendant waived preliminary hearing here. Defendant waived identity hearing. Defendant released on his own recognizance with conditions of release. (dt) (Entered: 06/03/2021) |
| 06/01/2021 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Matthew Baggott. Signed by Magistrate Judge Barbara D. Holmes on 6/1/2021. (dt) (Entered: 06/03/2021) |
| 06/01/2021 | 4 | ORDER as to Matthew Baggott: Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, as amended by the Due Process Protections Act of 2020, the Court reminds the government of its obligation under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment. The government is ordered to produce such evidence reasonably promptly upon discovery, as required by Local Rule 16.01(a)(3). Failure to do so in a timely manner may result in consequences, including, but not limited to, dismissal of the indictment or information, exclusion of government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances. Signed by Magistrate Judge Barbara D. Holmes on 6/1/2021. (dt) (Entered: 06/03/2021) |
| 06/01/2021 | 5 | WAIVER of Rule 5 & 5.1 Hearings by Matthew Baggott. (dt) (Entered: 06/03/2021) |
| 06/01/2021 | 6 | ORDER Setting Conditions of Release as to Matthew Baggott: Defendant to appear virtually in the U.S. District Court for the District of Columbia on 6/8/2021 at Noon(Central Time)/1:00 PM (Eastern Time) by video conference. Signed by Magistrate Judge Barbara D. Holmes on 6/1/2021. (dt) (Entered: 06/03/2021) |
| 06/01/2021 | 7 | ORDER Holding Defendant to Answer in the District of Columbia as to Matthew Baggott. Signed by Magistrate Judge Barbara D. Holmes on 6/1/2021. (dt) (Entered: 06/03/2021) |
| 06/03/2021 | 8 | MOTION to Unseal Case by USA as to Matthew Baggott. (dt) (Entered: 06/03/2021) |
| 06/03/2021 | 9 | ORDER as to Matthew Baggott: Motion to Unseal Case 8 is Granted. Signed by Magistrate Judge Barbara D. Holmes on 6/3/2021. (dt) (Entered: 06/03/2021) |
| 06/03/2021 | 10 | Rule 5(c)(3) Documents Transmitted as to Matthew Baggott to the District of Columbia. (dt) (Entered: 06/03/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/08/2021 08:34:50 | | | |
| **PACER Login:** | BrittanyBryant:6635828:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:21-mj-01110 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**